IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY, a/s/o MADELON NORMAN<br>9800 Fredericksburg Road<br>San Antonio, TX 78288<br><br>     Plaintiff,<br><br>vs.<br><br>AIR PRO HEATING & COOLING, LLC<br>123 Arlington Blvd.<br>North Arlington, NJ 07031<br><br>     Defendant. | Case No. 2:21-cv-16168<br><br><u>JURY TRIAL DEMANDED</u> |

## **COMPLAINT**

Plaintiff, USAA Casualty Insurance Company, as subrogee of Madelon Norman, by and through its undersigned attorney, Cozen O'Connor, and for its Complaint against defendant Air Pro Heating & Cooling, LLC, alleges the following:

## **PARTIES**

1. Plaintiff, USAA Casualty Insurance Company ("Plaintiff USAA"), is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas, and at all times relevant hereto was duly authorized to issue insurance policies in the State of New Jersey.

2. Defendant, Air Pro Heating & Cooling, LLC, is a New Jersey limited liability company with a principal place of business at 123 Arlington Boulevard, North Arlington, New Jersey.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

5. At all times material herein, Madelon Norman (Norman) was the owner of the property located at 21 Portland Place, Montclair, New Jersey ("subject property").

6. Norman was insured through a policy of insurance issued by Plaintiff USAA Casualty Insurance Company, which insured her against, *inter alia*, damages to real and personal property, as well as additional living expenses, loss of use and lost rents.

7. In or about October 2019, Norman hired the defendant to replace the thermocouple in the Cozy CDV255D Direct Vent Wall Furnace ("subject furnace") at the subject property.

8. On or about October 15, 2020, Norman hired the defendant to repair a wire shorting on the subject furnace frame.

9. On or about October 23, 2020, the defendant again replaced the thermocouple on the subject furnace.

10. On or about December 1, 2020, the defendant repaired an undocumented pilot problem on the subject furnace.

11. On December 28, 2020 at approximately 3:45 PM, the defendant repaired another wire problem on the subject furnace.

12. Approximately eight hours later, at 11:30 PM on December 28, 2020, the house caught fire due to the negligent, careless, reckless and improper repairs performed by the defendant.

13. The above fire caused extensive damage to Norman's real and personal property and caused her to sustain extra expenses and lost rents.

14. As a result of the fire referred to above, and pursuant to the aforesaid policy of insurance, Plaintiff has paid Norman the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the lost rents and additional living and extra expenses incurred by the insured on account of the fire.

15. As a result of said payments, the plaintiff is both legally and equitably subrogated to any and all claims that the insured may have against the defendant.

## COUNT I
(Negligence)

16. Plaintiff incorporates by reference the averments in paragraphs 1 through 15 as though each were fully set forth at length herein.

17. The fire referred to above and consequent damage and destruction to Norman's real and personal property was caused by the negligent, careless and reckless acts and omissions of the defendant, its agents, servants and/or employees in servicing and repairing the furnace, including in creating and failing to subsequently discover the over-firing condition which resulted in the fire.

18. By reason of the aforesaid negligent, careless and reckless acts and omissions of the defendant, the fire referred to above occurred and resulted in substantial damage and destruction to Norman's real and personal property, and caused her to incur additional living expenses and lost rental income.

WHEREFORE, Plaintiff USAA Casualty Insurance Company demands judgment against the defendant Air Pro Heating & Cooling, LLC, in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## **COUNT II**
(Breach of Contract)

19. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 18 as though each were fully set forth at length herein.

20. The defendant was contractually obligated to perform its repairs in a workman-like manner, and in accordance with accepted industry standards, as well as the manufacturer's instructions.

21. The defendant breached its contract by negligently, carelessly and recklessly performing its repairs of the furnace, including creating and failing to subsequently discover the over-firing condition.

22. The damages sustained by Norman were caused by the defendant's aforesaid breaches of contract.

WHEREFORE, plaintiff USAA Casualty Insurance Company demands judgment against the defendant Air Pro Heating & Cooling, LLC in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## COUNT III
(Breach of Warranty)

23. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 22 as though each were fully set forth at length herein.

24. Pursuant to the contract referred to above, the defendant impliedly warranted that it would perform its furnace repairs in accordance with accepted industry standards and practices, as well as the manufacturer's instructions..

25. The defendant breached this warranty by performing its repairs negligently, carelessly and recklessly and not in conformance with accepted industry standards and practices.

26. The defendant's breaches of warranties were the direct, legal and proximate cause of the damages suffered by Norman.

WHEREFORE, Plaintiff USAA Casualty Insurance Company demands judgment against the defendant Air Pro Heating & Cooling, LLC in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

Dated: August 27, 2021

Respectfully submitted,

By _____
Matthew F. Noone, Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA  19103
215-665-2192; 215-701-2192
mnoone@cozen.com